UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHARON HOLLENBECK ) | |
| ) | Case Number 5:11-CV-1090 (LEK/ATB) |
| Plaintiff ) | |
| ) | CIVIL COMPLAINT |
| vs. ) | |
| ) | |
| GE MONEY BANK ) | |
| & ) | |
| ) | JURY TRIAL DEMANDED |
| LEADING EDGE RECOVERY ) | |
| SOLUTIONS , LLC ) | |
| & ) | |
| ) | |
| CAPITAL MANAGEMENT ) | |
| SERVICES, LP ) | |
| & ) | |
| ) | |
| LAW OFFICE OF CURTIS O. ) | |
| BARNES ) | |
| ) | |
| Defendants ) | |
| ) | |

**COMPLAINT AND JURY DEMAND**

**COMES NOW**, Plaintiff, Sharon Hollenbeck, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

**I. INTRODUCTORY STATEMENT**

1.      Plaintiff, Sharon Hollenbeck, is an adult natural person and she brings this action for actual and statutory damages and other relief against Defendants, Leading Edge Recovery, Capital Management and Law Office of Curtis O. Barnes, for violations

of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against Defendants, Leading Edge and GEMB for Breach of Contract.  Plaintiff also brings this action against all Defendants for violations of New York General Business Law §349.

## II.  JURISDICTION

2.  Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.  Venue in this District is proper in that the Plaintiff resides in this District.

## III.  PARTIES

4.  Plaintiff, Sharon Hollenbeck, is an adult natural person residing in Homer, New York.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.  Defendant, GE Money Bank, ("Defendant GEMB"), at all times relevant hereto, is and was a company engaged in the business of providing consumers with financial services nationwide including extensions of credits, as well as collecting and reporting on debt incurred by consumers and they have a principal place of business located at 901 Main Avenue, Norwalk, Connecticut 06851.

6.  Defendant, Leading Edge Recovery Systems, LLC,("Defendant, Leading Edge"), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of New York and the State of Chicago with a

principal place of business located at 5440 N. Cumberland Avenue, Ste 300, Chicago, IL 60656.

7. Defendant, Capital Management Services, LP, ("Defendant, Capital"), at all times relevant hereto, is and was a limited partnership engaged in the business of collecting debt within the State of New York with their principal place of business located at 726 Exchange Street, Suite 700, Buffalo, New York 14210.

8. Defendant, Law Office of Curtis O. Barnes, ("Defendant, LOCOB"), at all times relevant hereto, is and was a law firm engaged in the business of collecting debt within the State of New York and the State of California, with their principal place of business located at 390 W. Cerritos Avenue, Anaheim, CA 92805.

9. Defendants are engaged in the collection of debts from consumers using the telephone and mail.  Defendants, Leading Edge, Capital and LOCOB are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.  FACTUAL ALLEGATIONS

10. On or about May 21, 2008, Plaintiff along with assistance from her personal legal counsel entered into a settlement arrangement with Defendant, Leading Edge on a consumer debt owed to Defendant, GEMB.  **See "EXHIBIT A" (settlement letter) attached hereto**.

11. Plaintiff was said to owe a balance of $1,809.98 to Defendant, GEMB.

12. Defendant, Leading Edge on behalf of GEMB agreed to settle the account with the Plaintiff for $714.00.

13. Plaintiff was to pay the settlement back in two (2) payments of $357.00.

14. Plaintiff's first payment was due on or before May 28, 2008.

15. Plaintiff's second payment was due on or before June 27, 2008.

16. Defendant, Leading Edge, stated that the Plaintiff would be further of any further liability to Defendant, GEMB, after the payments cleared.

17. On or about May 22, 2008, Plaintiff along with her attorney made the first payment to Defendant, Leading Edge. **See "EXHIBIT B" (check) attached hereto**.

18. Defendant, Leading Edge, accepted and deposited this payment on May 28, 2008.

19. On or about June 16, 2008, Plaintiff issued her second payment to Defendant, Leading Edge, in the amount of $357.00. **See "EXHIBIT C" (check) attached hereto**.

20. On or about June 24, 2008, Defendant, Leading Edge, accepted and deposited this payment.

21. Defendant, Leading Edge, did not return either payment to the Plaintiff.

22. Plaintiff now believed that she was paid in full on this account.

23. Defendant, Leading Edge, never returned any funds to the Plaintiff.

24. Neither the Plaintiff nor her legal counsel heard anything in regards to this account until December, 2010.

25. In or around December, 2010, Plaintiff started to receive collection calls from Defendant, Capital Management.

26. Defendant, Capital Management, was now attempting to collect on the same debt for Defendant, GEMB.

27. Plaintiff informed Defendant, Capital, that the debt had already been settled and paid to Defendant, Leading Edge.

28. Defendant, Capital denied that the account was paid.

29. Defendant, Capital, stated that the Plaintiff still owed the full balance on this account.

30. Defendant, Capital, threatened the Plaintiff with a lawsuit if she did not make a payment.

31. Plaintiff was told that she would end up in court.

32. Plaintiff became so frightened and intimidated that she began making payments of $15 a month to Defendant, Capital.

33. Plaintiff made payments from December, 2010 through February, 2011 to Defendant, Capital.

34. In February, 2011, Plaintiff chose not to send any further payments on this account knowing it was already paid in full.

35. On or about February 3, 2010, Defendant, Capital, called the Plaintiff and demanded that Plaintiff start making larger monthly payments.

36. Defendant, Capital, stated it did not want to wait years for this debt to be paid off.

37. Plaintiff again tried to explain that the debt was already paid, but Defendant, Capital, did not agree.

38. Plaintiff did not send Defendant, Capital, any more payments.

39. In June, 2011, Plaintiff started to receive calls from Defendant, LOCOB, who stated that Defendant, GEMB, had now given Plaintiff's account to their firm for collection.

40. Defendant, GEMB, had now sold the account for the second time since the account had been settled with Defendant, Leading Edge.

41. Plaintiff's ninety (90) year old father started to receive calls to his home looking for the Plaintiff from Defendant, LOCOB.

42. Plaintiff called Defendant, LOCOB, back immediately and told them never to call and upset her father again.

43. Defendant, LOCOB, continued however, to call Plaintiff's father's home and informed him that they were looking for his daughter in regards to a delinquent account.

44. At that time, Plaintiff sent Defendant, LOCOB, proof that the account was already settled and paid.

45. Defendant, LOCOB, told the Plaintiff that the information she sent was not "good enough" and demanded to know the check numbers.

46. Plaintiff's attorney issued the check numbers to Defendant, LOCOB, for proof.

47. Despite being sent this information, Defendant, LOCOB, continued to call the Plaintiff trying to collect on this debt for Defendant, GEMB.

48. Defendant, Leading Edge Recovery and Defendant, GE Money Bank, are in breach of the contract they had in place with the Plaintiff to settle for less than the full balance.

49. Defendant, Leading Edge Recovery and Defendant, GE Money Bank's breach was at no fault of the Plaintiff who had fulfilled her contractual obligation.

50. The Defendants, and all of them, acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

51. The Defendants, Leading Edge, Capital and LOCOB, knew or should have known that their actions violated the FDCPA.  Additionally, Defendants, Leading Edge, Capital and LOCOB, could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

52. At all times pertinent hereto, Defendants, and all of them, were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendants herein.

53. At all times pertinent hereto, the conduct of Defendant, and all of them, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

## COUNT I – FDCPA

### Plaintiff v. Leading Edge, Capital Management &

### Law Office of Curtis O. Barnes

54. The above paragraphs are hereby incorporated herein by reference.

55. At all times relevant hereto, Defendants, Leading Edge, Capital and LOCOB, were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

56. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2) | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3) | Contact of Third Party: Contacted a person more than once, unless requested to do so |
| §§ 1692c(a)(1) | At any unusual time, unusual place, or unusual time known to be inconvenient to the consumer |
| §§ 1692c(b) | With anyone except consumer, consumer's attorney or credit bureau concerning the debt |
| §§ 1692d | Any conduct the natural consequence of which is to harass, oppress or abuse any person |
| §§ 1692d(5) | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(5) | Threaten to take any action that cannot legally be taken or that is not intended on being taken |

| | |
|---|---|
| §§ 1692e(10) | Any false representation or deceptive means to collect a debt or obtain information on a consumer |
| §§ 1692f | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Leading Edge, Capital Management and LOCOB, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

### Plaintiff v. All Defendants

57. Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

58. Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

59. GBL §349 provides in relevant part as follows:

(a) Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

  (g) This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct any inquiry

  (h) In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover her actual damages or fifty dollars whichever is greater, or both such actions. The court may, in discretion; increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendants, willfully or knowingly violated this section. The court may award reasonable attorney's fees to prevailing Plaintiff.

60. As a direct and proximate result of the Defendants, deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that they, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendants, and all of them.

**WHEREFORE**, Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, Leading Edge, GEMB, Capital Management and LOCOB, and Order the following relief:

  a. Actual damages;

    b.    Statutory damages pursuant to 15 U.S.C. § 1692k;

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

### COUNT III - BREACH OF CONTRACT

### Plaintiff v. Leading Edge and GEMB

61.    The above paragraphs are hereby incorporated herein by reference.

62.    The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendants, Leading Edge and GEMB, promised to Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

63.    Plaintiff fulfilled her contractual obligation by making timely payments.

64.    Defendants, Leading Edge and GEMB have failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, Leading Edge and GEMB, for the following:

    a.    Actual damages;

    b.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    c.    Such additional and further relief as may be appropriate or that the interests of justice require.

### V. **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 14, 2011          BY:  _/s/    Bruce K. Warren_
                                                   Bruce K. Warren, Esq.

                                                   Warren & Vullings, LLP
                                                   93 Old York Road
                                                   Suite 333
                                                   Jenkintown, PA  19046
                                                   215-745-9800    Fax 215-745-7880
                                                   Attorney for Plaintiff
                                                   bkw@w-vlaw.com